IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | CRIMINAL ACTION NO. H-14-443 |
| v. | § § | CIVIL ACTION NO. H-18-0183 |
| MARIA VASQUEZ | § | |

### MEMORANDUM OPINION AND ORDER

Defendant Maria Vasquez, proceeding *pro se*, filed a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. (Docket Entry No. 97). The Government filed a motion for judgment on the record (Docket Entry No. 104), to which Defendant filed a response (Docket Entry No. 105).

Having reviewed the section 2255 motion, the motion for judgment on the record, the record, and the applicable law, the Court GRANTS the motion for judgment on the record and DENIES the motion for relief under section 2255 for the reasons that follow.

### *Background and Claims*

Defendant pleaded guilty to conspiracy to commit theft of public money pursuant to 18 U.S.C. § 371, and was sentenced to serve a 57-month term of imprisonment, to be followed by a three-year term of supervised release. The Court also ordered Defendant to pay $587,288.18 in restitution to Medicare, Medicaid, and their affiliates. The conviction was affirmed on appeal. *See United States v. Vasquez*, 672 F. App'x 401 (5th Cir. 2016).

Defendant claims that trial counsel was ineffective in the following two particulars:

1. Trial counsel failed to challenge the Court's finding that a sufficient factual basis supported her guilty plea, and failed to negotiate "a more sufficient plea" or "secure a more adequate defense."

2. Trial counsel failed to challenge the Government's use of *respondeat superior* to hold her liable for her employees' unlawful actions.

(Docket Entry No. 98, p. 7.) The Government asserts that these claims have no support in the record and that section 2255 relief should be denied.

### *Legal Standards*

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to section 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure, and cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

The pleadings of a *pro se* prisoner litigant are reviewed under a less stringent standard than those drafted by an attorney, and are provided a liberal construction. *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, a *pro se* litigant is still required to provide sufficient facts to support his claims, and "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Accordingly, "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertion on a critical issue in his *pro se* petition . . . to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

## *Ineffective Assistance of Trial Counsel*

The United States Supreme Court's decision in *Strickland v. Washington* provides the familiar two-pronged test for establishing a claim of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. 668, 687 (1984). A court need not address both components of the inquiry if the defendant makes an insufficient showing on one. *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

3

A counsel's performance is strongly presumed to fall within the wide range of reasonable professional assistance. *Premo v. Moore*, 562 U.S. 115, 121 (2011). To overcome that presumption, a habeas petitioner must "show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* at 121-22 (internal quotations omitted). The standard for judging counsel's representation is a deferential one. "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Id.*

Defendant contends that trial counsel was ineffective in the following instances.

*Factual Basis to Support Plea*

Defendant asserts that trial counsel should have challenged the factual basis for her guilty plea, as there was insufficient evidence to support the plea. Her argument is groundless.

Prior to accepting Defendant's guilty plea, the Court advised Defendant on the record of the following:

> THE COURT: Now, in order to prove that and for you to be convicted, the government has to prove the following three things with respect to the conspiracy charge. These things have to be proved beyond a reasonable doubt by the government.
>
> No. 1, that you and at least one other person made an agreement to commit the crime of theft as charged in the superseding indictment.
>
> Secondly, that you knew the unlawful purpose of the agreement and that you joined in it willfully, that is, with the intent to further the unlawful purpose. And No. 3, that one of the conspirators during the existence of this conspiracy knowingly committed at least one of the overt acts described in

4

the indictment in order to accomplish some object or purpose of the conspiracy.

Now, with respect to theft, the government has to prove the following three things: No. 1, that a thing of value, such as money, belonged to the United States.

Secondly, that you knowingly converted or stole the thing of value, such as money, for your use or the use of another.

And three, that you did so knowing that the thing of value, such as money, was not yours and with the intent to deprive the owner of the benefit.

The government has to prove all of those things beyond a reasonable doubt for you to be convicted of the offense that's alleged in Count 1 of the indictment. Do you understand that?

THE DEFENDANT: Yes, I understand.

(Docket Entry No. 80, pp. 11-12.)

The record in this case further reflects the following exchange between the Court, trial counsel, the prosecution, and Defendant during Defendant's plea hearing:

THE COURT: Now, finally, before I can accept a plea of guilty from you, I have to make a determination that there's a factual basis for your plea of guilty. So, [trial counsel], does your client waive the formal reading of the indictment at this point?

TRIAL COUNSEL: Yes, Your Honor.

THE COURT: All right. Thank you.

Now, what we are going to do, Ms. Vasquez, is I am going to ask the government's attorney to summarize the facts that he believes the government could prove about you in this case; and when he finishes I am going to ask you if those facts are true. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. McAlister.

5

MR. McALISTER: Thank you, Your Honor.

The government would prove the following fact pattern at trial, Your Honor. The Medicare program, called Medicare is a federally-funded health insurance program that provides healthcare benefits to certain individuals in conjunction with the Texas Medicaid program. These healthcare programs have managed care entities, such as Amerigroup and Evercare, which provide similar services but with federal money.

Between January of 2008 and December of 2010 Optimum Care EMS, a company in the Southern District of Texas, was operated by Maria Vasquez, who received payments from Medicaid and Medicare for ambulance transport services which were not provided. Ms. Vasquez and her daughter, Erika Moscarro, provided the patients of Optimum Care EMS with transport in a van or a car but billed Medicare and Medicaid for transport in an ambulance with basic life support which resulted in a larger payment to Optimum EMS.

Specifically, on or about November 8th of 2010 through November 19th of 2010, Optimum Care EMS transported Harry Allen – and that's the HA in the indictment – on eight occasions within the Southern District without basic life support. Maria Vasquez caused Medicare and Medicaid to be billed for about $396 per transport but with basic life support even though it did not occur. Mr. Allen specifically remembers that he was transported in an SUV, not an ambulance, on many occasions by Erika Moscarro.

On or about March 6th of 2010 through April 6th of 2010, Optimum Care EMS transported Maria Gonzalez – that's MDG in the indictment – on five occasions in the Southern District and again without basic life support. Maria Vasquez caused Medicare and Medicaid to be billed for about 324 per transport with basic li[f]e support though it did not occur. Ms. Gonzalez specifically – Mr. Gonzalez – Ms. Gonzalez specifically remembers that she was transported in a car by a young lady named Erika on many occasions. Erika Moscarro transported the above patients in vehicles without basic life support though she knew that Maria Vasquez billed Medicare and Medicaid for transport with basic life support. This resulted in a continuing scheme of theft of federal funds with the intent to deprive the owner of the benefit. The United States can show by a preponderance of the evidence that the theft's conspiracy resulted in a loss of approximately $587,288.18 to the United States. The United States believes that this should be assessed as

6

restitution to Medicare and Medicaid, Amerigroup and Evercare and should also be assessed as the relevant conduct in the case.

THE COURT: All right. Thank you, Mr. McAlister.

Ms. Vasquez, you have heard the government's attorney summarize the facts that he believes the government can prove about you in this case. Are those facts true?

THE DEFENDANT: Yes, sir.

THE COURT: All right.

(Docket Entry No. 80, pp. 20-23.) The exchange continued:

THE COURT: All right. The Court finds that there is a factual basis for the plea. Let me ask you at this time, Ms. Vasquez, what is your plea to the charge against you in Count 1 of the superseding indictment, guilty or not guilty?

THE DEFENDANT: Guilty, Your Honor.

THE COURT: Do you state here in court under oath that each and every allegation in Count 1 is true and correct?

THE DEFENDANT: Yes, Your Honor.

(Docket Entry No. 80, pp. 23-24.) The Court concluded the exchange with the following:

These are the Court's findings: I find the defendant is clearly mentally competent and capable of entering an informed plea. I find the plea is supported by independent facts establishing all of the elements of the offense and that the defendant intended to do the acts she committed. I find the defendant's plea of guilty is voluntarily, freely and knowingly made and that the defendant understands the nature of these proceedings and the consequences of her plea of guilty and that this is an informed plea. Therefore, Ms. Vasquez, I accept your plea of guilty and I find you guilty as charged in Count 1 of the superseding indictment.

(Docket Entry No. 80, p. 25.)

Contrary to Defendant's conclusory allegation, the Court had an adequate basis to find that the plea was supported by independent facts establishing all of the elements of the offense, and that Defendant intended to do the acts she committed. Defendant stated on the record that the Government's summarization of the facts was true. Defendant's declarations made under oath in open court carry a strong presumption of truth, forming a formidable barrier to relief in any subsequent collateral proceedings. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Defendant establishes no meritorious basis upon which trial counsel could have successfully challenged the factual basis for her plea, and she shows neither deficient performance nor actual prejudice under *Strickland*.

Nor do Defendant's conclusory allegations demonstrate that trial counsel failed to negotiate "a more sufficient plea" or "secure a more adequate defense." Her allegations have no support in the record.

Defendant does not meet her burden of proof under *Strickland*, and habeas relief is unwarranted.

*Respondeat Superior*

Defendant argues that trial counsel failed to challenge the Government's use of *respondeat superior* to hold her liable for her employees' unlawful actions. She complains that the fraudulent billing was performed by her employees and submitted to the government agencies by a third party, and that she cannot be held liable for the unlawful actions of her employees.

The record in this case clearly shows that the Government's theory of the case was based on Defendant's own active participation in a conspiracy. Defendant pleaded guilty to the following indictment:

> 1. Beginning in or about January 2008, the exact time being unknown, and continuing to on or about December 2010, in the Houston Division of the Southern District of Texas and elsewhere, the defendant, MARIA VASQUEZ did knowingly, intentionally, and willfully combine, conspire, confederate and agree with other persons known and unknown to the [G]rand [J]ury to steal and purloin Medicare & Medicaid payments, of the aggregate value of over $1000, belonging to the United States and any department and agency thereof, and the defendant did so knowing the property was not hers and with intent to deprive the owner of the use of said property. In violation of Title 18, United States Code Section 641.
>
> 2. It was a purpose of the conspiracy that the defendant, and others known and unknown to the Grand Jury, committed theft of federal funds by unlawfully taking payments for ambulance transportation with "basic life support" (BLS) from Medicare and Medicaid, to which they were not entitled. The Medicare Program ("Medicare") is a federally funded health insurance program and Medicaid is a "health care benefit program" as defined by Title 18, United States Code, Section 24(b) which receives federal funds.
>
> It was a part of the conspiracy that:
>
> 3. Defendant, MARIA VASQUEZ and others would and did cause the billing of Medicare and Medicaid for ambulance transport with basic life support services that were not provided.
>
> 4. Defendant, MARIA VASQUEZ and others would and did use vehicles without basic life support to transport patients, though Medicare and Medicaid were billed for ambulance transport with basic life support.
>
> 5. Defendant, MARIA VASQUEZ and others would and did cause the theft of approximately $587,288 from Medicare/Medicaid programs.
>
> In furtherance of the conspiracy the defendant committed the following overt acts:

6. On or about November 19, 2010, Maria Vasquez caused Optimum Care EMS to transport H.A. without Basic Life Support.

7. On or about November 19, 2010, Maria Vasquez caused Optimum Care EMS to bill Medicare/Medicaid for the transport of H.A. with Basic Life Support, which did not occur.

8. On or about October 27, 2010, Maria Vasquez caused Optimum Care EMS to transport M.D.G. without Basic Life Support.

9. On or about October 27, 2010, Maria Vasquez caused Optimum Care EMS to bill Medicare/Medicaid for the transport of M.D.G. with Basic Life Support, which did not occur.

All in violation of Title 18, United States Code, Section 371.

(Docket Entry No. 15.) Thus, Defendant was charged with active participation in the conspiracy, as evinced by her overt acts in causing the company to transport patients in a vehicle without basic life support and then causing the company to bill Medicare/Medicaid for ambulance transport with basic life support. That employees of the company may have provided the actual transportation or billing activities does not negate the fact that Defendant was charged with – and pleaded guilty to – *causing* the company to undertake the transportation and billing activities. It was not necessary for the Government to plead or otherwise rely on a theory of *respondeat superior* in order to charge her with conspiring to commit theft of public money.

As stated above, Defendant was charged with active participation in the conspiracy, as evinced by her overt acts in causing the company to transport patients in a vehicle without basic life support and then causing the company to bill Medicare/Medicaid for ambulance transport with basic life support. During her plea hearing, Defendant stated on

the record in open court that it was true that she "caused Medicare and Medicaid to be billed for about $396 per transport but with basic life support even though it did not occur," and that "[t]his resulted in a continuing scheme of theft of federal funds with the intent to deprive the owner of the benefit." (Docket Entry No. 80, pp. 20-23.)

The record provides no basis for holding trial counsel ineffective in not challenging the indictment and evidence as an impermissible use of *respondeat superior*. *See Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002) (holding that counsel is not required to make futile motions or frivolous objections); *Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim."). Defendant does not show that, had counsel raised an objection based on *respondeat superior*, this Court would have reversibly erred in overruling the objection.

Defendant establishes neither deficient performance nor actual prejudice under *Strickland*, and habeas relief is unwarranted.

### *Evidentiary Hearing*

An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Because the motion, files, and records in this case conclusively show that Defendant is not entitled to habeas relief, no evidentiary hearing is necessary.

## *Conclusion*

The Government's motion for judgment on the record (Docket Entry No. 104) is GRANTED, and Defendant's motion to vacate, set aside, or correct her sentence under section 2255 (Docket Entry No. 97) is DENIED. A certificate of appealability is DENIED.

The related civil case in this proceeding, C.A. No. H-18-0183, is ORDERED ADMINISTRATIVELY CLOSED.

Signed at Houston, Texas on May 16, 2018.

_____
Gray H. Miller
United States District Judge